988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond Eugene PAYTON, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Respondent-Appellee.
 No. 92-35153.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1993.*
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-90-6317-HLR (MRH); Michael R. Hogan, Magistrate, Presiding.
 D.Or.
 AFFIRMED.
 Before D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant, Raymond Eugene Payton ("Payton"), appeals the denial of his habeas corpus petition claiming ineffective assistance of counsel. We affirm.
 
 STANDARD OF REVIEW
 
 3
 Whether a defendant received ineffective assistance of counsel is a legal question which is reviewed de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991).
 
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 4
 To prove ineffective assistance of counsel, Payton is required to demonstrate that his counsel's acts or omissions were outside the range of professionally competent assistance, and that he was prejudiced as a result of his counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984).
 
 
 5
 Payton contends that his trial attorneys failed (1) to adequately investigate his case, (2) to call witnesses crucial to the defense, (3) to communicate all plea bargain offers, and (4) to make a written motion to correct a pre-sentence report. The district court rejected all of Payton's arguments and denied his writ of habeas corpus.
 
 
 6
 Payton provided no explanation as to how his counsel failed to investigate his case. The state court made a factual finding that Payton's attorneys conducted a lengthy investigation of the case and that the defense investigators "left no stone unturned." The state court findings are entitled to a presumption of correctness under 28 U.S.C. § 2254(d) unless one of the exceptions applies. See Strickland, 466 U.S. at 698. None of the exceptions are applicable, and no evidence has been presented which disputes the state court's findings; thus they shall be upheld.
 
 
 7
 Payton also argues that several potential witnesses were not called on his behalf. The record supports a finding that counsel was unable to locate one witness for trial, refuted the testimony of the state's star surprise witness, and did not call other potential witnesses as a tactical decision. There is no support to uphold a claim of ineffective assistance of counsel based on these grounds.
 
 
 8
 In addition, Payton contends that his counsel failed to communicate to him the prosecutor's plea bargain offers. This argument is refuted by the evidence in the record. Payton testified that he rejected the first offer by the prosecution; one of his attorneys urged him to accept the second offer, but "it was up to me mainly." After consideration, Payton rejected the offer.
 
 
 9
 Finally, Payton argues that his counsel erred in failing to file a written motion to correct a presentence report. The evidence supports the finding that his attorneys orally objected to the factual errors in the report, and that the state court judge accepted the corrections to the report prior to sentencing. In support of this finding is the fact that the state court judge did not sentence Payton to the additional fifteen years recommended by the presentence report.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3